SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2261 PA (SHx) | Date | April 7, 2009 |
|---|---|---|---|
| Title | Lamar Wilborn, et al. v. Mortgageit, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants America's Servicing Company ("ASC") and U.S. Bank, N.A. ("US Bank") (collectively "Removing Defendants") on April 1, 2009. (Docket No. 1.) Defendant NDEx West, LLC ("NDEx") consents to the removal. (See Docket No. 3.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266.

Here, defendant Mortgageit, Inc. ("Mortgageit") has not filed a notice of joinder in the removal. In the Notice of Removal, Removing Defendants allege that they "are informed and believe that all

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2261 PA (SHx) | Date | April 7, 2009 |
|---|---|---|---|
| Title | Lamar Wilborn, et al. v. Mortgageit, Inc., et al. | | |

Defendants that have been properly served with a copy of the Complaint and Summons have consented to removal of this case." (Notice of Removal 3.) However, Removing Defendants make no effort to explain the absence of Mortgageit, or whether Mortgageit was served with the complaint. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996). Removing Defendants do not state what, if any, efforts they made to ascertain whether Mortgageit was served or what their basis for their "information and belief" might be. Indeed, allegations made on information and belief are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116–17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs, 233 F. Supp. 2d at 1267; Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (finding that statement "'upon information and belief [that non-removing defendant] does not object to this Petition for Removal' . . . is not sufficient . . . to satisfy the requirements of § 1446"). Removing Defendants' failure to affirmatively explain the absence of Mortgageit constitutes a clear procedural defect. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.

Moreover, Removing Defendants' Notice of Removal appears untimely. "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino, 146 F.3d at 703; 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). In cases with multiple defendants, "[t]he majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the 'first-served' rule." McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000); see also United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

Here, Removing Defendants append the state court case file to the Notice of Removal. (See Notice of Removal 1, Ex. A.) Contained within the case file is Defendant NDEx's "Notice of Filing of Declaration of Non-Monetary Status," which NDEx filed in the state court action on February 23, 2009. Thus, NDEx appears to have been served before Februrary 23, 2009, and more than thirty days before the Notice of Removal was filed on April 1, 2009. Neither the Notice of Removal nor NDEx's consent to removal allege that NDEx was served within thirty days of removal.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2261 PA (SHx) | Date | April 7, 2009 |
|---|---|---|---|
| Title | Lamar Wilborn, et al. v. Mortgageit, Inc., et al. | | |

    For the foregoing reasons, the Court is compelled to remand this case for failure to comply with the removal requirements of 28 U.S.C. § 1446.  See 28 U.S.C. §§ 1446(a)–(b); Prize Frize, 167 F.3d at 1266.  Accordingly, the Court hereby remands this action to the Ventura County Superior Court, Case No. 56-2009-00334728-CU-OR-SIM.  See 28 U.S.C. § 1447(c).  The Court stays this order until April 17, 2009.  If plaintiffs wish to remain in federal court and thereby waive the procedural defects discussed above, plaintiffs shall notify the Court in writing on or before April 17, 2009.

    IT IS SO ORDERED.